**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JAMES M. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-302 |
| | ) | |
| CHATHAM CO. SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff James M. Young filed an ambiguous pleading in the United States District Court for the Northern District of Georgia. *See* doc. 1. Because it appeared that the case concerned Plaintiff's detention in Chatham County, the Northern District transferred it to this Court. Doc. 2. Young failed to pay the filing fee or move to proceed *in forma pauperis* and the Clerk notified him of the deficiency. Doc. 5. He did not respond. *See generally* docket. He also failed to comply with the District Judge's Order concerning assignment of this case to a United States Magistrate Judge. *See* doc. 6; *see also* doc. 7. The Clerk's notice of that deficiency was returned by the United States Post Office as undeliverable, indicating that Young has failed to keep the Court

1

apprised of his current address, as required by the Local Rules.  *See* doc. 8; *see also* S.D. Ga. LR 11.1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Plaintiffs' failure to comply with the District Judge's Order, address the filing fee, respond to the Clerk's deficiency notices, and to prosecute this case warrants dismissal.

Accordingly, Plaintiff's Complaint should be **DISMISSED**.  Doc. 1; *see, e.g.,* Fed. R. Civ. P. 41(b).  This Report and Recommendation (R&R) is submitted to the district judge assigned to these actions, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3